PEOPLE v ALLEN

CRIMINAL LAW—PLEA OF GUILTY—PROBATION VIOLATION—ALTERNA-
TIVE PLEAS—RECORD—HEARINGS.
> The Court of Appeals does not require a check list procedure for
> the acceptance of guilty pleas to probation violation, but it is
> essential that a defendant be informed on the record that there
> is an alternative to pleading guilty, that he is entitled to a
> hearing to determine his culpability for the alleged violation
> and that the record reveal that he did personally admit viola-
> tion of probation.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted July 6, 1976, at Detroit. (Docket No. 26943.) Decided September 28, 1976.

David Allen was convicted, on his plea of guilty, of probation violation. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 563.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Defendant appeals his conviction for violation of probation. Finding serious errors in the proceeding below, we reverse his conviction.

Defendant was placed on probation after being convicted of arson in 1973. In 1975, he was charged with violation of probation after pleading guilty to attempted possession of heroin.

Defendant's plea to violation of probation was entered by his counsel, in response to the court's inquiry addressed to counsel. The court's failure to elicit the plea from defendant himself is all the more serious because of the lack of any indication in the record that defendant was aware of his right to a hearing on the charge of probation violation. While this Court has declined to require a "check list" procedure for guilty pleas to probation violations, it is essential that a defendant be informed that there is an alternative to pleading guilty.

"We, therefore, require * * * that defendant be told, on the record, that he is entitled to a hearing to determine his culpability for the alleged violation. If the defendant advises the court that he does not want a hearing and admits violation of probation on the record, the due process requirements are met." *People v Hardin,* 70 Mich App 204, 208; 245 NW2d 566 (1976).

This panel adopts the reasoning of Judge Gillis in *Hardin* that led to the conclusion quoted above. Because we adopt *Hardin's* excellent due process analysis, we feel justified in disregarding the statement in *Hardin* that the opinion is to be given prospective application. The present defendant was not accorded his due process rights.

Since the record does not indicate that defendant was aware of the option of not pleading guilty

and he did not personally admit violation of probation on the record, his conviction must be reversed.

Reversed and remanded.