PEOPLE v CLEMENTS

1. CRIMINAL LAW—PROBATION REVOCATION HEARINGS—COMPONENTS.
   There are two analytically distinct components in cases involving probation revocation, (1) the factual question of whether a defendant has in fact acted in violation of one or more conditions of his probation, and, if it is determined that the conditions of the probation have been violated, (2) should the probationer be sentenced to a prison term or should he be permitted to retain his conditional liberty.

2. CRIMINAL LAW—PROBATION REVOCATION HEARINGS—VIOLATION OF CRIMINAL STATUTE—COLLATERAL ATTACK ON CONVICTIONS—DIRECT APPEAL.
   A defendant who is charged with violating the conditions of his probation because he was convicted of violating a criminal statute of the State of Michigan while on probation may not collaterally attack his second conviction at the probation revocation hearing where the fact of the violation has been established by defendant's plea of guilty; the proper method for the defendant to attack the second conviction is by direct appeal.

3. CRIMINAL LAW—PROBATION REVOCATION HEARINGS—MITIGATING CIRCUMSTANCES—SENTENCES.
   A probationer, after a probation violation has been determined at a hearing for violation of the terms of his probation, has a right, prior to the trial judge's imposition of sentence, to present any circumstances in mitigation which suggest that the violation of the terms of probation does not warrant a revocation of the probation.

4. CRIMINAL LAW—PROBATION REVOCATION HEARINGS—SENTENCING—MITIGATING CIRCUMSTANCES—COURT RULES.
   A defendant is entitled to resentencing where a trial judge at a

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 567, 568.
   Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

probation violation hearing, after determining that the defendant had violated the terms of probation and as the judge was about to proceed to sentencing, refused to permit the defendant to explain the circumstances surrounding the act on which the violation of probation was based (GCR 1963, 785.8[2]).

Appeal from Wayne, Theodore R. Bohn, J. Submitted October 7, 1976, at Detroit. (Docket No. 23188.) Decided December 2, 1976.

Curtis Clements was convicted, on his plea of guilty, of assault with intent to rob being armed, and he was placed on probation. Probation revoked and a sentence of a term of years imposed. Defendant appeals. Affirmed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Leonard Esquina, Jr.,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and BRONSON and BASHARA, JJ.

BRONSON, J. On April 22, 1974, defendant was placed on two years' probation after pleading guilty in Wayne County Circuit Court to a charge of assault with intent to rob being armed. MCLA 750.89; MSA 28.284. Subsequently, pursuant to an order to show cause, defendant was returned to Wayne County Circuit Court in order to face a charge of probation violation. It was charged that defendant, on August 19, 1974, had entered a plea

of guilty in Detroit Recorder's Court to another charge of assault with intent to rob being armed.

At the probation revocation hearing, defendant admitted that he had been convicted in Detroit Recorder's Court upon his plea of guilty of assault with intent to rob and further that he had received a sentence of from 5 to 15 years in prison. Based on these admissions by defendant, the trial court found that defendant had violated a term of his probation.

The trial judge stated that he was about to proceed to sentencing and asked whether defendant or his attorney had anything to say prior to the imposition of sentence. Defendant requested an opportunity to explain "what really happened" regarding the conviction in Recorder's Court and began to explain that his plea had been entered on the advice of counsel. The trial judge, however, refused to permit defendant to offer any further explanation of that conviction, saying that it didn't really matter in view of defendant's plea.

Defendant's probation was revoked and defendant was sentenced to a term of from 5 to 15 years, the sentence to run concurrently with the sentence imposed on defendant's Recorder's Court conviction. Defendant now appeals.

On appeal, defendant asserts that he was in effect denied his constitutionally guaranteed right to a probation violation hearing. Defendant asserts that he should have been permitted to attack the validity of his guilty plea conviction which formed the basis of the charge of probation violation and that he had a right to litigate the propriety of that conviction at his revocation hearing. We disagree with this much of defendant's argument.

Defendant relies primarily on the opinion of the United States Supreme Court in *Gagnon v Scar-*

*pelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973). In that case, the Supreme Court reviewed cases involving probation revocation where the probationers had been sentenced at the time of their convictions and the sentences suspended for the period of probation. It was held that the probationers were entitled to a hearing before their probations were revoked and they began serving the previously imposed sentences. In that case, as well as in the parole revocation case which it followed, the Court recognized that the decision to revoke probation or parole consisted of two analytically distinct components:

" 'The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the condition does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?' *Morrissey v Brewer, supra,* [408 US 471, 479–480; 92 S Ct 2593, 2599; 33 L Ed 2d 484, 493 (1972)]." *Gagnon v Scarpelli,* 411 US at 784; 93 S Ct at 1760–1761; 36 L Ed 2d at 663.

This defendant was charged with violating the statutory condition of his probation that he not violate any criminal law of the State of Michigan during the term of his probation. MCLA 771.3(1); MSA 28.1133(1). No error was made by the trial judge in determining that defendant had in fact violated this condition of his probation. Since defendant admitted pleading guilty on advice of counsel to another crime while on probation, the fact of the violation was established. Defendant had no right to collaterally attack the Recorder's Court conviction at his probation revocation hearing. The proper manner for defendant to attack

that conviction would have been by direct appeal. See *People v Archie Gillman,* 71 Mich App 374; 248 NW2d 553 (1976) (BRENNAN, J., dissenting). As the Supreme Court noted in *Morrissey:*

"Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey v Brewer,* 408 US at 490; 92 S Ct at 2605; 33 L Ed 2d at 499.

Thus we affirm the trial court's conclusion that defendant had violated a condition of his probation.

As noted previously, however, finding that a violation has occurred is only the first step in a revocation decision. Upon such a determination being made, it remains to be decided whether the probationer may nevertheless be permitted to retain his conditional liberty or whether he should be sentenced to a prison term. As to this latter question, the United States Supreme Court held:

"The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, *that circumstances in mitigation suggest that the violation does not warrant revocation." Morrissey v Brewer,* 408 US at 488; 92 S Ct at 2603; 33 L Ed 2d at 498. (Emphasis added.)

A similar right for probationers to present circumstances in mitigation was subsequently recognized in *Gagnon,* 411 US at 782, 787; 93 S Ct at 1760, 1762; 36 L Ed 2d at 662, 664–665.

There is one difference between the procedure encountered in *Gagnon* and that used in this case. In *Gagnon* the probationers had been sentenced at the time of their convictions and the ultimate

question presented at the probation revocation hearing was simply whether the probation should be revoked and the previously imposed sentence served. In this case, defendant was put on probation pursuant to the Michigan statutory procedure calling for a sentencing decision only after a probation violation. MCLA 771.4; MSA 28.1134. The ultimate decision did not consist merely of a choice between revoking and continuing the probation, but rather the same choices presented at sentencing after any criminal conviction. Defendant could again have been placed on probation, *People v Double,* 57 Mich App 633; 226 NW2d 594 (1975), or sentenced to a prison term of any length up to the maximum penalty for the offense of which he had originally been convicted and placed on probation. *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970).

In Michigan, even an expressed decision to "revoke probation", made prior to the sentencing decision, has been held to be merely provisional. *People v Elbert,* 21 Mich App 677, 681; 176 NW2d 467 (1970). There the Court said:

> "We say this because a decision to revoke probation is tantamount to a resolve to jail the defendant in the state penitentiary; there is no middle ground—either a defendant is on probation or in jail."

Because of this procedural difference, we read *Gagnon* and *Morrissey* as requiring only that defendant have an opportunity to present circumstances in mitigation prior to the trial judge's decision to revoke his conditional liberty by imposing a prison sentence.

This right of a probationer to present circumstances in mitigation is implemented under the

Michigan procedure by GCR 1963, 785.8(2), which provides as follows:

"Before sentence is imposed the court shall * * * give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence."

See, also, *People v Hardenbrook,* 68 Mich App 640, 646; 243 NW2d 705 (1976), holding that explanations by a probationer as to why he had violated a term of his probation would be best made at sentencing.

In this case, after the trial judge stated that he was about to proceed to sentencing, the defendant attempted to explain something about his guilty plea conviction which may have consisted of circumstances in mitigation relevant to the trial judge's decision to revoke· his probation and impose a prison sentence. We can only consider the trial court's refusal to permit defendant to explain the circumstances surrounding his Recorder's Court conviction as a denial to defendant of his right of allocution guaranteed by the cited court rule. Defendant is entitled to resentencing.

We affirm the finding of a probation violation. We vacate defendant's sentence and remand to the circuit court for resentencing. We retain no further jurisdiction.