## PEOPLE v DARRELL

### Opinion of the Court

1. Criminal Law—Probation—Probation Revocation Hearings—
Notice to Probationer—Waiver—Plea of Guilty.

A defendant who is on probation and is charged with a probation
violation must be informed of his right to a revocation hearing
and that by pleading guilty he waives that hearing.

2. Criminal Law—Probation—Probation Violation Hearings—
Notice—Right to Counsel.

A defendant probationer's due process procedural rights to a
probation violation hearing were adequately safeguarded where
a bench warrant was served upon the defendant providing the
defendant with notice of probation violation charges against
him and where the record clearly discloses that the notice
served upon the defendant advised him of his rights to a
hearing and that the defendant was advised of his right to
counsel, and was in fact represented by counsel.

### Dissent by Bronson, J.

3. Criminal Law—Probation—Probation Violation Hearings—
Waiver—Plea of Guilty—Petition for Bench Warrant—
Notice.

*It is unreasonable to infer that a defendant probationer know-
ingly and intelligently waived his right to a hearing on the
charges of probation violation by entering a plea of guilty to a
probation violation where the only notice to the defendant
informing him of the right to a probation violation hearing was
a petition for a bench warrant for the defendant's arrest which
was directed to a judge and signed by a probation officer and
contained an ambiguous reference to a hearing, and where the
only evidence of the defendant's receipt of the petition is the
defendant's failure to allege nonreceipt on appeal.*

Reference for Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law § 562 *et seq.*

Appeal from Wayne, John M. Wise, J. Submitted October 5, 1976, at Detroit. (Docket No. 25818.) Decided December 9, 1976.

James O. Darrell was convicted, on his plea of guilty, of attempted breaking and entering of an unoccupied dwelling. Defendant was placed on probation. Probation revoked and sentence imposed. Defendant appeals. Affirmed.

*John D. Lazar,* for defendant.

Before: V. J. Brennan, P. J., and Bronson and Bashara, JJ.

Bashara, J. Defendant appeals from an order of the circuit court revoking his probation and invoking sentence thereon.

It is defendant's contention that he was not advised of certain minimal rights to be afforded him at a probation revocation hearing before he pled guilty to violation of probation.

The defendant was placed on two years probation by Judge John Wise after a plea-based conviction of attempted breaking and entering of an unoccupied dwelling on June 27, 1974. On April 16, 1975, defendant pled guilty and was convicted of a subsequent offense of attempted unarmed robbery by Judge Joseph Rashid. On May 7, 1975, he was sentenced for attempted unarmed robbery. That same day he was brought before Judge Wise for a probation revocation hearing.

The defendant was represented by counsel. The judge advised defendant that his probation had been cancelled. Thereupon, the following colloquy took place:

"*The Court:* Do you want an attorney to represent you at this time?

"*The Defendant:* Yes, sir.

"*The Court:* How do you plead to the violation of your probation?

"*The Defendant:* Guilty.

"*The Court:* In what way did you violate your probation?

"*The Defendant:* Armed robbery.

"*The Court:* Robbery armed?

"*The Defendant:* Yes, sir.

"*The Court:* And what did you plead guilty to?

"*The Defendant:* Attempted Unarmed Robbery.

"*The Court:* That's a fifteen-year offense.

"*The Defendant:* Yes.

"*The Court:* Were you before Judge Rashid this morning on that?

"*The Defendant:* Yes, sir.

"*The Court:* And you left the jurisdiction of the state and went to Wyoming, didn't you?

"*The Defendant:* Yes, sir.

"*The Court:* Is that where you were apprehended?

"*The Defendant:* Yes, sir.

"*The Court:* And you were extradited and brought back?

"*The Defendant:* Yes, sir.

"*The Court:* What was you[r] sentence?

"*The Defendant:* Four and a-half to fifteen.

"*The Court:* Well, evidently you did violate the probation order because you were convicted and sentenced already for an offense of Robbery Unarmed. So, I'm going to have to revoke your probation, there having been a violation of it.

"I have an up-to-date probation report, a supplemental report, by the Probation Department because they made one out for Judge Rashid for this morning's sentence. With the probation report having been brought to date, I will sentence him right now.

"*Mr. Howarth [Defendant's attorney]:* That will be fine, your Honor. I have read the probation report this

morning and I have gone over it with the Defendant and found it to be accurate."

Three recent Michigan Court of Appeals cases have held that a probationer must be informed of his right to a hearing and that he waives that hearing by pleading guilty. *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976), *People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976), *People v Brown,* 72 Mich App 7; 248 NW2d 695 (1976).

A bench warrant was issued May 1, 1975, and served upon the defendant. It provided the defendant with notice of the charges against him, as well as stating as follows:

"Wherefore, YOUR PETITIONER PRAYS that a Bench Warrant be issued for the apprehension and detention of said probationer *pending violation hearing by this court* to determine whether or not said probation order shall be revoked." (Emphasis supplied.)

The record clearly discloses that the notice served upon the defendant advised him of his right to a hearing. The record also reveals the defendant was advised of his right to counsel, and was in fact represented by counsel.

Prior to the revocation hearing the defendant had been sentenced for attempted unarmed robbery, one of the violation-of-probation charges. It does not appear that the defendant had any basis for, or intention of, contesting the charge. Moreover, his attorney was present to advise the defendant of any further procedural steps he may have wished to take.

Under the totality of the circumstances, we conclude that the defendant's due process procedural rights were adequately safeguarded within

the requirements of *Hardin, supra, Allen, supra,* and *Brown, supra.*

Affirmed.

V. J. BRENNAN, P. J., concurred.

BRONSON, J. *(dissenting).* I would reverse. I do not think it can be reasonably inferred from the record before us that this defendant was aware of his right to a hearing on the charges of probation violation as an alternative to his pleading guilty.

I cannot accept what appears to be the major premise of the majority opinion, that defendant learned of this right upon receiving the petition for bench warrant listing the charges of violation. As is suggested by the language quoted by the majority which contains the phrase "violation hearing", that language was contained in a petition for a bench warrant, directed to a judge and signed by a probation officer. While this piece of paper is normally served on a probationer, since it contains the charges of violation which the probationer is required by law to receive, one may question whether it is reasonable to assume that a probationer would always read a portion of the petition which by its terms is not directed to him.

More importantly, the language quoted by the majority would not give a probationer the advice required by *People v Brown,* 72 Mich App 7; 248 NW2d 695 (1976), and *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976). Those cases require that a probationer be informed of his right to a hearing *as an alternative* to his pleading guilty. The difference is a result of the ambiguity of the term "hearing", which is at best nebulous and can never be expected to convey information

with the precision of a term such as "jury trial", for example.

Despite the ambiguity of the term, we rejected the claim in *Brown* that the probation revocation hearing be fully described to the probationer or that any "check list" type procedure be instituted. We concluded that given the relative informality and flexibility of probation revocation procedures, information to a probationer that he had a right to a hearing as an alternative to his pleading guilty would be sufficient. In that context, a probationer at least could be expected to understand that if he declined to plead guilty, someone would have to prove the charges against him at some sort of contested evidentiary hearing. In the present case, to the contrary, the fact that defendant may have read the word "hearing" in the petition for bench warrant could not be relied upon to have conveyed much more information to him than that he would soon be before a judge.

The inference that this defendant knowingly and intelligently waived his right to a hearing on the charges of probation violation is rendered even more unreasonable by the lack of evidence in this record that defendant ever received a copy of the petition for bench warrant. While the petition for bench warrant is dated May 1, 1975, the bench warrant itself, printed on the same paper, is unsigned. An order to show cause, directed to defendant, was issued, presumably in response to the petition for bench warrant. That order is dated May 7, 1975, and orders defendant to show cause at 9:30 a. m. on the same date. It also orders that a copy of the petition be served upon the defendant and contains blanks to be signed by defendant and/or by the person serving the papers on him, in order to prove service. The blanks are unsigned. There is no evidence on this record that either the

order to show cause or the petition was in fact served on defendant.

The majority presumes that the defendant received the petition since defendant does not claim nonreceipt, a ground for reversal, on this appeal. Certainly I would not recommend reversing on the basis of nonreceipt where that issue is not raised. It is quite another thing, however, to presume on the basis of no evidence except defendant's failure to allege nonreceipt on appeal that he in fact did receive the petition, that he in fact read a portion of the petition which by its terms was not directed to him, and that he would understand from the phrase "violation hearing" contained on that petition that he had a right to a hearing on the charges, which would be waived by a plea of guilty. My conclusion is that it is unreasonable to infer that this defendant knowingly and intelligently waived his right to a hearing on the charges of probation violation. I would reverse.