## PEOPLE v GAUDETT

1. Criminal Law—Plea of Guilty—Probation Violation—Hearings—Court Rules.

   The court rule governing proceedings in the trial court where a defendant pleads guilty to criminal charges need not be followed in probation violation hearings where the defendant enters a plea of guilty to violating the conditions of his probation (GCR 1963, 785.7).

2. Criminal Law—Probation Violation—Hearings—Plea of Guilty.

   A defendant charged with a violation of the conditions of his probation must be advised of his right to a contested hearing on the charges before his guilty plea may be accepted; neither form language in a bench warrant to the effect that the defendant will be arrested and held pending a hearing nor the trial court's inquiry whether the defendant wishes to have counsel appointed for a hearing meets this requirement.

3. Criminal Law—Probation Violation—Hearings—Case Precedent—Retroactive Application.

   Retroactive effect may be given to a precedent case holding that a defendant charged with violating the conditions of his probation must be advised of his right to a contested hearing before his plea of guilty may be accepted.

4. Criminal Law—Probation Violation—Hearings—Plea of Guilty—Due Process—Statutes.

   The requirement that a trial judge must advise a defendant of his right to a contested hearing before accepting the defendant's plea of guilty to a probation violation charge is satisfied where the defendant is told he has the right to a hearing at which he may contest the accuracy of the violation charges; the defendant should also be provided with a written copy of the violation

References for Points in Headnotes

[1–4] 21 Am Jur 2d, Criminal Law §§ 567, 568.
   Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

charges and told that he has the right to be represented by an attorney, either retained or appointed, at all proceedings (MCLA 771.4; MSA 28.1134).

Appeal from Tuscola, Norman A. Baguley, J. Submitted June 17, 1977, at Lansing. (Docket No. 27784.) Decided August 22, 1977.

Harold Gaudett was convicted, on his plea of guilty, of probation violation. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Patrick R. Joslyn,* Prosecuting Attorney, and *Thomas A. Carlson,* Assistant Prosecuting Attorney, for the people.

*W. Wallace Kent, Jr.,* and *Frank J. Pernicano,* for defendant on appeal.

Before: D. E. Holbrook, Jr., P. J., and Allen and D. R. Freeman,* JJ.

Allen, J. GCR 1963, 785.7 controls the proceedings in the trial court when a defendant pleads guilty to criminal charges. The present case involves a plea of guilty entered on a charge of probation violation. We are asked to rule that GCR 1963, 785.7 also should have been followed here even though violation of probation is not a crime in the true sense of the word. Alternatively, the defendant argues that the revocation of his probation must be reversed because the trial judge should have—at least—advised him that he was entitled to a hearing at which he could contest the accuracy of the probation violation charges.

On February 22, 1972, defendant Harold Gaudett pleaded guilty in Tuscola County Circuit

* Circuit judge, sitting on the Court of Appeals by assignment.

Court to a charge of felonious assault, MCLA 750.82; MSA 28.277, and was placed on probation for five years. MCLA 771.4; MSA 28.1134. While on probation, he visited Indiana, was arrested for possession of marijuana and was convicted on that charge in an Indiana municipal court. Both the conviction and the defendant's unauthorized departure from Michigan constituted violations of the terms of his probation. On November 24, 1975, he was arraigned on charges of probation violation. The defendant appeared in court without an attorney. He was advised of his right to have an appointed attorney but declined that offer. The trial judge then read the charges and asked for the defendant's plea. The defendant pleaded guilty and his probation was revoked. He was later sentenced to a prison term of 1-1/2 to 4 years and now appeals as of right.

On appeal, defendant first argues that the revocation must be set aside because the trial judge did not comply with GCR 1963, 785.7 before accepting the defendant's guilty plea. This argument has no merit. Both this Court and the Supreme Court have held that GCR 1963, 785.7, need not be followed in probation violation hearings. *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976), *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976).

The defendant also argues that it was error to fail to advise him that he was entitled to a hearing at which he could contest the validity of the violation charges. This argument has merit.

In *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the United States Supreme Court announced that a defendant charged with violation of probation is entitled to certain minimal due process rights. *Gagnon* defines the hearing which has long been required by MCLA 771.4;

MSA 28.1134. This Court has subsequently held on several occasions that a defendant charged with violation of his probation must be advised of his right to a contested hearing on the charges before his guilty plea may be accepted. *People v Hardin, supra, People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976), *People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976).

*Hardin,* the first of those cases, expressly stated that its holding should be applied only prospectively. However, the *Allen* Court considered and rejected that limitation and reversed in that case even though the hearing had occurred before the decision date of *Hardin. Brown* also involved a guilty plea taken before the decision in *Hardin* but this Court nevertheless reversed, citing *Hardin* only in a footnote near the end of its opinion.

The Supreme Court has not yet spoken directly to this point. The convictions in *People v Rial, supra,* were affirmed. However, the *Rial* Court expressly noted that:

> "Each defendant was advised by the court that if he wished to contest the alleged violations of his probation, a hearing would be held to determine the truthfulness of the charges." 399 Mich at 436.

In his concurring opinion, Justice LEVIN made the following statement:

> "Although neither statute nor court rule expressly requires that a judge advise a person charged with probation violation of his right to a hearing, it cannot be doubted that a probationer is entitled to advice regarding his constitutional and statutory right to a hearing and the nature of that right." 399 Mich at 440.

Two other recent decisions deserve comment. In

*People v Darrell,* 72 Mich App 710; 250 NW2d 751 (1976), this Court affirmed a revocation despite the fact that the defendant had not been told on the record by the trial judge that he had a right to a contested hearing on the charges. It was held in *Darrell* that language in the bench warrant for the defendant's arrest was sufficient to advise the defendant that a hearing could be held. Judge BRONSON, who wrote the opinion in *People v Brown, supra,* dissented from the decision in *Darrell.*

The most recent case touching on this issue is *People v Coleman,* 74 Mich App 498; 255 NW2d 203 (1977). That decision dealt primarily with the need to serve defendant with a written copy of the charges against him. A secondary issue in that case was whether or not the defendant had been advised of his right to a hearing on the charges. The trial judge in *Coleman* asked the defendant if he wished to challenge any of the assertions made by the probation officer. The *Coleman* majority held that this was not sufficient to advise the defendant of his right to a hearing. Judge WALSH dissented, stating that he would hold that the advice was sufficient.

In the present case, the defendant was never advised on the record of his right to a hearing. He was served with a bench warrant which, like the bench warrant in *Darrell, supra,* contained form language to the effect that he would be arrested and held pending a *hearing.* At the arraignment, he was asked the following question:

"Do you wish to have an attorney appointed for and on your behalf for today's *hearing?"* (Emphasis supplied.)

The prosecutor contends on appeal that either the

form language in the bench warrant or the judge's use of the word "hearing" in the preceding quotation was sufficient to advise the defendant of his right to a hearing. We must disagree.[1]

The clear consensus of the previously discussed cases is that a trial judge must, before accepting a plea of guilty to a probation violation charge, advise the pleading defendant of his right to a contested hearing. The advice was not given in the present case. We must reverse unless we can conclude that the advice as to the hearing right was not required because the plea was taken before the decision in *People v Hardin, supra,* which did state that its holding should be applied only prospectively, *i.e.,* to guilty pleas taken after July 20, 1976. However, all of the subsequent cases in which convictions have been reversed on authority of *Hardin,* have involved pleas taken before that date. *People v Allen, supra, People v Brown, supra, People v Coleman, supra.* Given those decisions, we cannot in good faith insist on adherence to the "prospective only" statement in *Hardin.* We must reverse the revocation of the defendant's probation.

Having held that a person charged with violation of probation must be advised of his right to a hearing, we are obligated to offer some guidance as to how extensive that advise must be. It is enough if the judge says in so many words: "You are entitled to a hearing" or must the judge explain the incidents of a hearing in some detail? So far, the cases have disavowed any intent to impose a

---

[1] We also note in passing, that the defendant in *Darrell* was represented by an attorney at the violation hearing. One of several reasons given by the majority for affirming that conviction was the fact that the attorney was competent to advise the defendant of his procedural rights. Since the defendant in the present case waived his right to an appointed attorney, the argument for affirmance in the present case is weaker than it was in *Darrell.*

"checklist" format. See, *e.g., People v Brown, supra,* at 15. But see also Justice LEVIN's statement in *People v Rial, supra,* at 440, that a defendant must be told of his "right to a hearing *and the nature of that right".*[2] *(Emphasis supplied.)*

Based on the cases decided to date, the requirement is satisfied if a defendant is told that he has the right to a hearing at which he may contest the accuracy of the violation charges.[3] We so hold in the present case.

Any trial judge who wishes to give additional advice would do well to consult *People v Brown, supra,* which contains a complete catalogue of the procedural rights of persons charged with violation of probation. *Brown* draws together MCLA 771.4; MSA 28.1134, *Gagnon v Scarpelli, supra,* and all of the Michigan cases which have imposed additional requirements.

For the reasons stated, the revocation of the defendant's probation is reversed.

---

[2] Justice LEVIN also urged the Court to adopt a court rule specifying the proper procedures in probation revocation proceedings.

[3] The defendant must also be provided with a written copy of the violation charges, MCLA 771.4; MSA 28.1134, and told that he has the right to be represented by an attorney—retained or appointed—at all proceedings. *People v Rial, supra.*