PEOPLE v STALLWORTH

Docket No. 51538. Submitted January 15, 1981, at Detroit.—Decided
    May 13, 1981.

> Lisa Stallworth was convicted of assault with intent to rob being
> armed in Recorder's Court of Detroit and placed on probation.
> Her probation was revoked and she was sentenced to prison,
> Samuel C. Gardner, J. Defendant appeals, alleging she was not
> advised of her right to a contested hearing on the probation
> revocation. *Held:*
>
> > While statements in the notice of probation revocation or the
> > bench warrant referring to a "pending violation hearing" may
> > provide sufficient notice of the right to a contested hearing,
> > there was no evidence that these documents were ever served
> > on defendant or brought to her attention.
>
> > Reversed and remanded.

CRIMINAL LAW — VIOLATION OF PROBATION — RIGHT TO HEARING —
    WAIVER.

> It cannot be assumed from a silent record that a defendant knew
> that he had a right to a probation revocation hearing and
> intelligently and voluntarily waived that right; therefore, when
> the trial court has not personally informed a defendant of this
> right to a hearing and there is no indication anywhere in the
> record that the defendant had read any other notice of the
> right or had otherwise been made aware of the right, the
> probation revocation should be reversed and the case remanded
> for a revocation hearing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d (Rev), Criminal Law §§ 579, 633.
    Right to notice and hearing before revocation of suspension of
        sentence, parole, conditional pardon, or probation. 29 ALR2d
        1074.

cipal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. Brennan, P.J., and Bronson and Bashara, JJ.

Per Curiam. Defendant appeals as of right from an order revoking her probation and sentencing her to a prison term of from 2 to 12 years.

On appeal, defendant argues that she was not advised that she had a right to a contested hearing on the probation revocation. We adhere to the position that the statements in the notice of probation violation or in the bench warrant referring to a "pending violation hearing" may provide sufficient notice of the right to a contested hearing. *People v Darrell,* 72 Mich App 710, 713; 250 NW2d 751 (1976). However, in the instant case the record is void of the minimal evidence that these documents were ever served upon defendant or otherwise brought to her attention. Absent any evidence that defendant was in some manner made aware of the right to a contested hearing, we must reverse and remand. *People v Darrell, supra, People v Brooks,* 91 Mich App 624; 283 NW2d 817 (1979).

Reversed and remanded.