PEOPLE v MOORE

Docket No. 54180. Submitted November 10, 1981, at Detroit.—Decided November 18, 1982.

Steve L. Moore was convicted in the Berrien Circuit Court, following his plea of guilty, of larceny in a building and was thereafter sentenced to two years probation by the court, William S. White, J. Subsequently, defendant pled guilty in the Berrien Circuit Court to probation violation and, as a result, his probation was revoked and he was sentenced to 2-1/2 to 4 years imprisonment by the court, William S. White, J. Defendant appeals alleging he was not sufficiently advised of his right to a contested hearing on the probation violation charge. *Held:*

1. Neither the petition for order of bench warrant nor the bench warrant itself contained language sufficiently advising defendant of his right to a hearing.

2. The trial court's statement to the defendant that "You have a right to be represented by an attorney, at this hearing" was not sufficient to inform the defendant of his right to a contested hearing. The statement was not merely an imprecisely given instruction of defendant's right to a hearing. Defendant was not given any advice on the record regarding his right to a contested hearing.

3. The fact that the defendant admitted violating his proba-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 477.

[2-4, 6, 7] 21 Am Jur 2d, Criminal Law § 579.

Procedural requirements, under Federal constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

[3] Right to assistance of counsel at proceedings to revoke probation. 44 ALR3d 306.

[5] 21 Am Jur 2d, Criminal Law § 578.

[8, 9] 5 Am Jur 2d, Appeal and Error § 778.

[10] 5 Am Jur 2d, Appeal and Error § 791.

[11] 4 Am Jur 2d, Appeal and Error § 271.

tion did not relieve the court of the duty to insure that the waiver of the contested hearing was knowingly and voluntarily made. Defendant's admission alone was not enough to justify revocation since the court must still make a discretionary determination of whether the violation warrants revocation.

4. It cannot be presumed that a trial court's failure to advise a defendant of his right to a contested hearing was not prejudicial in cases, such as this case, where the alleged probation violation consists of merely failing to report to the probation officer as opposed to being convicted of a crime.

5. Due process requires that a probationer be given notice of his right to a contested hearing on a charge of probation violation.

Reversed and remanded.

D. F. WALSH, J., dissented. He believes that to require automatic reversal of an order terminating probation because advice regarding the right to a contested hearing was imprecisely given to the defendant is unwarranted in a case, such as this, in which the defendant's awareness of his right to a hearing is obvious and undenied. He was not persuaded that error occurred and would hold that even if there were some error it could not be considered to be offensive to the maintenance of a sound judicial process and was clearly harmless beyond a reasonable doubt. He believes the judiciary is not empowered to promulgate prophylactic rules enforced by the sanction of automatic reversal for failure to follow them precisely, even without a showing of any prejudice in a specific case, unless long experience with a continuously recurring deprivation of a particular constitutional right in the trial courts makes it virtually certain that that constitutional right cannot be protected effectively in any other way. He believes that ensuring the voluntariness of pleas of guilty to probation violations does not require such drastic and inflexible action. He would find no prejudicial error in this case. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION VIOLATION — GUILTY PLEAS — COURT RULES.

Pleas of guilty to charges of probation violation are governed in Michigan by a court rule effective on May 14, 1981 (GCR 1963, 791.5).

2. CRIMINAL LAW — PROBATION VIOLATION — CONTESTED HEARINGS — DUE PROCESS.

A defendant charged with breaching the terms of his probation is

afforded certain minimal due process rights, including the right to a contested hearing on the charge (MCL 771.4; MSA 28.1134).

3. Criminal Law — Probation Violation — Guilty Pleas — Contested Hearings.

A defendant must be advised of his right to a contested hearing and that there is an alternative to pleading guilty before a court may accept a probationer's plea of guilty to charges of probation violation; a trial court's inquiry whether the defendant wishes to have counsel appointed for a hearing does not satisfy this requirement.

4. Criminal Law — Probation Violation — Contested Hearings — Waiver — Admission of Violation.

A trial court is not relieved of its duty to ensure that a defendant's waiver of the right to a contested hearing on an alleged probation violation is knowingly and voluntarily made by the fact that the defendant admits violating his probation.

5. Criminal Law — Probation Violation — Revocation Proceedings — Admission of Violation.

A probation revocation proceeding encompasses a two-step analysis: (1) a factual determination of whether the defendant violated the terms of his probation, and (2) a discretionary determination of whether the violation warrants revocation; a defendant's admission of a violation of probation, standing alone, is not enough to justify revocation.

6. Criminal Law — Appeal — Probation Violation — Failure to Report — Contested Hearings — Notice — Prejudicial Error.

A trial court's failure to advise a defendant of his right to a contested hearing regarding an alleged probation violation may be presumed prejudicial error where the alleged probation violation consists of merely failing to report to the probation officer as opposed to being convicted of a crime.

Dissent by D. F. Walsh, J.

7. Criminal Law — Probation Violation — Contested Hearings — Notice — Appeal — Imprecise Advice — Automatic Reversal.

*A trial court is required to advise a probationer charged with a probation violation that he has a right to a written copy of the charges and to a contested hearing thereon; however, automatic reversal of an order terminating probation because this advice*

*was imprecisely given is unwarranted in a case where the defendant's awareness of these rights is obvious and undenied (MCL 771.4; MSA 28.1134).*

8. CRIMINAL LAW — APPEAL — MISCARRIAGE OF JUSTICE — PREJUDICIAL ERROR.

*No judgment in a criminal case should be set aside or reversed for any error unless it affirmatively apears, after an examination of the entire cause, that the error complained of has resulted in a miscarriage of justice; such question of reversal is controlled by a determination of whether the error was prejudicial (MCL 769.26; MSA 28.1096).*

9. APPEAL — PREJUDICIAL ERROR.

*The appropriate considerations for determining whether an error was prejudicial are: first, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless; second, if not so basic, can the court declare a belief that the error was harmless beyond a reasonable doubt.*

10. CRIMINAL LAW — APPEAL — MAINTENANCE OF CONSTITUTIONAL RIGHTS.

*The judiciary is constitutionally empowered to override a legislative enactment relating to the reversal of a judgment in a criminal case only when its responsibility of maintaining the rights of fair trial or due process of law, or some other constitutional right, requires that it do so.*

11. CRIMINAL LAW — APPEAL — AUTOMATIC REVERSAL — CONSTITUTIONAL RIGHTS — DEPRIVATION OF RIGHTS — PROBATION VIOLATION — GUILTY PLEAS.

*The judiciary is not empowered to promulgate prophylactic rules enforced by the sanction of automatic reversal for failure to follow them precisely, even without a showing of any prejudice in a specific case, unless long experience with a continuously recurring deprivation of a particular constitutional right in the trial courts makes it virtually certain that that constitutional right cannot be protected effectively in any other way; such drastic and inflexible action is not required to ensure the voluntariness of pleas of guilty to probation violations.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Small, Small & Dettman, P.C.* (by *Richard D. Miller),* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. On February 13, 1979, in the Berrien County Circuit Court, defendant was convicted, on his plea of guilty, of larceny in a building, MCL 750.360; MSA 28.592, and was thereafter sentenced to two years probation. Then, on July 30, 1980, defendant pled guilty to probation violation and, as a result, his probation was revoked and he was sentenced to 2-1/2 to 4 years imprisonment, MCL 771.4; MSA 28.1134. Defendant appeals as of right.

The probation violation charge arose out of defendant's alleged failure to report to his probation officer, after returning from an out-of-state vacation, as well as his alleged failure to report a change of address. Defendant's probation officer filed a petition for order of bench warrant with the trial court. The petition made no mention of defendant's right to a contested hearing but it did contain the following language:

"Therefore, your petitioner respectfully prays that a bench warrant for the arrest of Steve Lee Moore be issued by this court to show cause why said probation of said respondent should not be terminated."

A bench warrant was subsequently issued commanding the sheriff to arrest defendant and "bring him before the [court] to be dealt with according to law".

Defendant was arrested on the bench warrant and brought before the court where he acknowledged receipt of exact copies of the petition and

bench warrant. The court informed defendant as follows:

"Before we proceed, Mr. Moore, there are some rights you have that I want to advise you of.

"You have a right to be represented by an attorney, at this hearing, an attorney of your choice, if you can afford one, or an attorney appointed by the court, to represent you, at public expense."

The court then granted defendant's request to have an attorney appointed to represent him and the matter was adjourned.

On the rescheduled date for the probation revocation hearing, defendant and his attorney appeared in court and, once again, defendant acknowledged receipt of copies of the petition and bench warrant. Before advising defendant of any of his constitutional rights or making any mention at all in regard to a contested hearing, the trial court inquired of defendant whether he had in fact failed to report, as alleged, and defendant admitted that he had.

The court then revoked defendant's probation and sentenced him to the 2-1/2- to 4-year prison term. Defendant contends that the trial court erred in failing to inform him, prior to acceptance of his plea, that he had the right to a contested hearing.

In Michigan, a new court rule, GCR 1963, 791.5, governs pleas of guilty to charges of probation violation. However, because this case arose well before May 14, 1981, the effective date of GCR 1963, 791, our holding is governed by the law of this state as it existed on July 30, 1980, the date of defendant's plea.

A defendant charged with breaching the terms of probation is afforded certain minimal proce-

dural due process rights, including the right to a contested hearing on the charge. MCL 771.4; MSA 28.1134, *People v Michael Brown,* 72 Mich App 7, 10-12; 248 NW2d 695 (1976). It is well established that before the court can accept a probationer's plea of guilty to charges of probation violation, he must be advised of his right to a hearing and that there is an alternative to pleading guilty. *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976) (LEVIN, J., *concurring); People v Michael Brown, supra; People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976).

The question, then, is whether defendant was sufficiently advised of that right. We note at the outset that neither the petition for order of bench warrant nor the bench warrant itself contained language sufficiently advising defendant of his right to a hearing. As a matter of fact, neither document even mentioned the word "hearing". Our conclusion in this regard is supported by the Supreme Court's holdings in *People v Ealey,* 411 Mich 987 (1981), and *People v Jerry Adams,* 411 Mich 1070; 310 NW2d 671 (1981). In both *Ealey* and *Jerry Adams,* defendants were served with copies of bench warrants which contained language to the effect that they were entitled to a hearing on charges of probation violation and yet the Supreme Court held that neither defendant had been sufficiently notified of his right to a hearing.

The question, of whether the trial court's statement to defendant that "You have a right to be represented by an attorney, at this hearing" was sufficient to inform defendant of his right to a hearing, is a close one. The Michigan Supreme Court has never issued a definitive ruling on this question. An examination of the Supreme Court's

rulings in *Ealey* and *Jerry Adams, supra,* sheds no light on this issue as, in both of these cases, the trial court had made no mention whatsoever of a right to a hearing.

We are, however, in agreement with other panels of this Court which have previously ruled that similar language was insufficient to advise a probationer of his right to a contested hearing. In *People v Gaudett,* 77 Mich App 496, 500; 258 NW2d 535 (1977), where defendant was accused of violating the terms of his probation, the trial court asked the defendant the following question:

" 'Do you wish to have an attorney appointed for and on your behalf for today's *hearing?'* (Emphasis supplied.)"

On appeal, the Court rejected the prosecutor's contention that the trial court's use of the word "hearing" in the preceeding quotation was sufficient to advise the defendant of his right to a hearing. 77 Mich App p 501. Similarly, in *People v Radney,* 81 Mich App 303, 306; 265 NW2d 128 (1978), another probation violation case, the defendant was informed as follows:

"* * * you're entitled to have a lawyer represent you at the violation hearing."

On appeal, this Court held that the trial court's mention of the word "hearing" in its colloquy with the defendant was insufficient to advise defendant of his rights to a hearing and to contest the charges.

We cannot agree with Judge WALSH's dissenting opinion which characterizes the trial court's advice to defendant as being merely an "imprecisely given" instruction of defendant's right to a hear-

ing. A reasonable reading of the record reveals that this advice was not given at all.

Judge WALSH, in his dissent, stresses the fact that defendant freely admitted violating the terms of his probation, however, this does not change our holding. The fact that defendant admitted violating his probation does not relieve the court of the duty to ensure that the waiver is knowingly and voluntarily made. *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976); *People v Michael Brown, supra.* Moreover, we are compelled to point out that a probation revocation proceeding encompasses a two-step analysis: (1) a factual determination of whether the defendant violated the terms of his probation and (2) a discretionary determination of whether the violation warrants revocation. *People v Clements,* 72 Mich App 500, 503; 250 NW2d 100 (1976). Thus, defendant's admission alone was not enough to justify revocation of his probation. It is certainly possible that, had defendant exercised his right to a contested hearing and asked the court to consider mitigating circumstances, the trial court may not have revoked his probation. See *People v Clements, supra,* pp 504-505.

Similarly, we reject Judge WALSH's "harmless error" analysis. In cases, such as the one at bar, where the alleged probation violation consists of merely failing to report to the probation officer as opposed to being convicted of a crime, we cannot presume that the trial court's failure to advise defendant of his right to a contested hearing was not prejudicial.

Finally, Judge WALSH's argument that affirmance is required because "the judiciary is constitutionally empowered to override a legislative enactment relating to the reversal of a judgment in a

criminal case only when its 'responsibility of maintaining * * * due process of law' * * * requires that it do so", ignores the fact that due process requires, *inter alia,* that a probationer be given notice of his right to a contested hearing on a charge of probation violation. *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), citing with approval *Morrissey v Brewer,* 408 US 471, 489; 92 S Ct 2593; 33 L Ed 2d 484 (1972).

Reversed and remanded.

D. F. WALSH, J. *(dissenting).* I must dissent. It concerns me greatly that we should find it necessary to reverse this conviction for probation violation which was based upon an obviously completely voluntary plea of guilty.

The defendant originally appeared before the court with a court appointed attorney and pled guilty to a charge of larceny in a building. Rather than incarcerate the defendant, the court placed him on probation for a period of two years. The defendant then failed to comply with the terms of his probation and was again brought before the court on a petition for revocation of his probationary status. The court advised the defendant that he had a right to be represented by an attorney at the hearing on probation revocation. The record indicates that the court gave the defendant the following advice:

"Before we proceed, Mr. Moore, there are some rights you have that I want to advise you of.

"You have a right to be represented by an attorney, *at this hearing,* an attorney of your own choice, if you can afford one, or an attorney appointed by the court, to represent you, at public expense." (Emphasis added.)

The defendant indicated that he wanted to have

an attorney appointed. The court then appointed an attorney and adjourned the hearing giving the defendant time to consult with counsel and giving counsel time to prepare for the hearing. On the rescheduled date the defendant appeared with his court appointed counsel and entered a plea of guilty to the charge of violation of the terms of his probation. Before accepting the plea the court carefully inquired of the defendant about the charged violations and the defendant freely admitted them.

The defendant does not claim on appeal that his plea was involuntary and I find nothing in the record which would even slightly suggest that it was. It was made after defendant had ample opportunity to consult with counsel and while he was represented by counsel. Moreover, defendant does not claim on appeal that he is not guilty of probation violation nor does he assert that he did not fully understand that he had a right to a contested hearing on the petition for revocation or that he was in fact deprived of due process or any constitutional right through the procedure by which his probationary status was revoked.

The defendant contends, however, that his probation violation conviction should be reversed because the court failed to advise him a second time when he appeared with his court appointed counsel on the rescheduled hearing date that he had a right to a contested hearing. The majority agrees with the defendant; I cannot.

There is no question that a defendant charged with probation violation has a right to a written copy of the charges and to a contested hearing. MCL 771.4; MSA 28.1134. It is certainly appropriate, therefore, that the court be required to advise a probationer of those rights when a charge of

probation violation is made. But to require automatic reversal of an order terminating probation because this advice was imprecisely given, even in a case in which the defendant's awareness of his right to a hearing is obvious and undenied, is in my judgment unwarranted.

The Legislature has provided that no judgment in a criminal case should be set aside or reversed for any error unless "after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice". MCL 769.26; MSA 28.1096. In construing this legislatively enacted test for determining reversible error, the Supreme Court observed in *People v Bigge,* 288 Mich 417, 421; 285 NW 5 (1939):

> "That statutory provision is not a cure-all for it must serve within constitutional limitations or else be declared void. Minor errors which clearly can be held not to have affected the result may be mollified by this statutory provision, but errors which deprive an accused of the right of due process of law cannot be composed thereby to the detriment of an accused. The responsibility of maintaining the right of fair trial and due process of law is placed with the judicial branch and cannot be otherwise by legislative permission."

In *People v Nichols,* 341 Mich 311, 332; 67 NW2d 230 (1954), the Court stated that "the rule always in effect in Michigan, both before and after the enactment of the mentioned statutes [i.e., MCL 769.26] and unaffected thereby, has been and is that the question of reversal is controlled by determination of whether the error was prejudicial". In *People v Robinson,* 386 Mich 551, 562-563; 194 NW2d 709 (1972), the Court pointed out that the appropriate considerations for determining whether an error was prejudicial are those de-

scribed in *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298 (1968):

" 'Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? See *People v Bigge,* 288 Mich 417, 421; 285 NW 5 (1939); *People v Berry,* 10 Mich App 469, 474; 157 NW2d 310 (1968); *People v Mosley,* 338 Mich 559, 566; 61 NW2d 785 (1953). See, also, *Chapman v California,* 386 US 18, 23-24; 87 S Ct 824; 17 L Ed 2d 705 (1967), *reh den* 386 US 987; 87 S Ct 1283; 18 L Ed 2d 241 (1967). Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt? See *People v Liggett,* 378 Mich 706, 716-717; 148 NW2d 784 (1967); *Chapman v California, supra.' "

In this case it is beyond question that there was no miscarriage of justice. Nor does the defendant even allege that he was in any way prejudiced by the claimed omission. Certainly there was no deliberate conduct on the part of the trial court tending to deprive the defendant of fair treatment or any constitutional right. On the contrary, the record discloses diligent effort by the trial court to insure that the defendant was accorded every right to which he was entitled. Even if there were some error, therefore, and I am firmly persuaded that there was not, it could not be considered to be "offensive to the maintenance of a sound judicial process" and was clearly "harmless beyond a reaonable doubt".

What reasoning then compels us to reverse this judgment of probation revocation? By what authority are we empowered to do it? I know of none. The judiciary is constitutionally empowered to override a legislative enactment relating to the reversal of a judgment in a criminal case only

when its "responsibility of maintaining the right of fair trial [or] due process of law", *People v Bigge, supra,* p 421, or some other constitutional right requires that it do so. The judiciary, it seems to me, is not empowered to promulgate prophylactic rules enforced by the sanction of automatic reversal for failure to follow them precisely, even without a showing of any prejudice in a specific case, unless long experience with a continuously recurring deprivation of a particular constitutional right in the trial courts makes it virtually certain that that constitutional right cannot be protected effectively in any other way.

In my judgment, ensuring the voluntariness of pleas of guilty to probation violations does not require such drastic and inflexible action. The voluntariness of such pleas can be ensured adequately by appellate consideration of each case on its own merits with reversal required only for prejudicial error. As the Supreme Court stated in *People v Robinson, supra,* p 562, "[A]ppellate courts should not reverse a conviction unless the error was prejudicial". I find no prejudicial error in this case. I would affirm.