## PEOPLE v ROCHA (AFTER REMAND)

Docket No. 47132. Submitted June 11, 1980, at Detroit.—Decided August 27, 1980. Leave to appeal applied for.

Domingo Rocha was convicted, on his plea of guilty, of possession of heroin and was placed on probation. He was subsequently found to have violated probation and his probation was revoked. He appealed and the Court of Appeals reversed and remanded, 86 Mich App 497 (1978). The matter was reheard and Rocha was again found guilty of the probation violation, Recorder's Court of Detroit, Joseph A. Gillis, J. Defendant appeals, alleging that the trial court erroneously interrogated the witnesses at the revocation hearing, that the probation violation was not shown by a preponderance of the evidence, and that he was denied effective assistance of counsel. *Held:*

1. The due process criteria for probation violation hearings were met. There was no prosecutor present to question the witnesses and, absent any evidence of partiality or prejudice, the trial court's questioning of the witnesses was not erroneous.

2. The finding of a probation violation was based on verified facts.

3. Defendant's counsel chose not to participate in the hearing, apparently because he mistakenly believed that the hearing was a nullity since the other cases against the defendant were still on appeal. This mistake was not so great, however, that it can be said that but for the mistake there is a great likelihood that the defendant would not have been convicted, because the evidence of the probation violation was clear and convincing.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Procedural requirements, under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

[2] 21 Am Jur 2d, Criminal Law §§ 567, 568.

[3] 21 Am Jur 2d, Criminal Law § 568.

[4] 21 Am Jur 2d, Criminal Law § 315.

Modern status of rule as to test in federal court of effective representation by counsel. 26 ALR Fed 218 (supplementing 74 ALR2d 1390).

1. CRIMINAL LAW — PROBATION REVOCATION HEARING — DUE PRO-
   CESS.
   A probation revocation hearing is not a stage in the proceedings
   of a criminal prosecution; however, certain due process criteria
   must be met at a probation revocation hearing.

2. CRIMINAL LAW — PROBATION REVOCATION HEARING.
   There is no requirement that a prosecutor be present at every
   probation revocation hearing; it is not improper for the court to
   conduct such a hearing as long as there is no evidence of
   partiality or prejudice.

3. CRIMINAL LAW — PROBATION VIOLATION — APPEAL.
   A trial judge's finding that a probation order has been violated
   will not be overturned where the finding is based on verified
   facts and where the judge's exercise of discretion was based on
   accurate knowledge of the probationer's behavior.

4. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — MISTAKE
   OF LAW.
   A defendant is denied effective assistance of counsel because of
   his attorney's mistake of law where it can be determined that
   but for the mistake there is a great likelihood that the defen-
   dant would not have been convicted.

*Carl Ziemba,* for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A.
QUINNELL,* JJ.

## AFTER REMAND

BASHARA, P.J. In 1976, defendant pled guilty
and was convicted of possession of heroin, MCL
335.341(4)(a); MSA 18.1070(41)(4)(a). He was placed
on probation. Four months later, his probation was
revoked at a probation violation hearing. This
Court reversed and remanded because the revoca-
tion hearing took place before the trial on the
charge leading to the probation revocation. *People
v Rocha,* 86 Mich App 497; 272 NW2d 699 (1978).

Subsequent hearings were held in the trial

* Circuit judge, sitting on the Court of Appeals by assignment.

court, resulting in a finding of defendant's guilt on the probation violation charge.

On appeal, defendant first contends that the trial judge erroneously interrogated the witnesses at the revocation hearings.

Probation revocation hearings are not a stage in the proceedings of a criminal prosecution. *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973).

In *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), minimum due process requirements for parole violation hearings were set forth. *Gagnon, supra,* indicated that the same standards apply to both parole and probation violation hearings. All of those criteria have been met in the instant case. Nowhere is there a requirement that a prosecutor must be present at every probation violation hearing.

The only possible question is whether the proceeding was held before a "neutral and detached hearing body". Our review of the record reveals that the defendant suffered no prejudice as a result of the court's interrogation of the witnesses. The trial judge merely asked police witnesses what had transpired, and they narrated the events precipitating the defendant's arrest. There was no evidence of partiality toward the prosecution. So long as there is no evidence of partiality or prejudice, it is not improper for the court to conduct a probation revocation proceeding. However, we must observe that where probation proceedings are contested, it is preferable that the interrogation of the defendant be conducted by the prosecutor, so as to avoid the potential or the appearance of bias.

Defendant also claims that the charge of probation violation was not proven by a preponderance

of the evidence. Again, our review of the record shows the claim to be devoid of merit. A trial judge's finding that a probation order has been violated will not be overturned where it is based on verified facts and where the trial judge's exercise of discretion was based on accurate knowledge of the probationer's behavior. *People v Billy Williams,* 66 Mich App 67; 238 NW2d 407 (1975).

Finally, defendant argues that he was denied effective assistance of counsel where his attorney refused to participate in the hearings. Counsel apparently chose this "strategy" because the other cases involving the defendant were on appeal. It was his position that to conduct a revocation hearing while cases involving the defendant were on appeal rendered the instant hearing a nullity.

To say that counsel was under a serious misapprehension of the law would be an understatement. However, under the test of *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), a determination must be made that but for this mistake there is a great likelihood that defendant would not have been convicted. The evidence in this case is so clear and convincing that there is no likelihood of defendant escaping conviction, with or without the "strategy" of defense counsel.

Affirmed.