## PEOPLE v KNOX

Docket Nos. 57927, 59561. Submitted February 16, 1982, at Detroit.—. Decided April 22, 1982.

Terry L. Knox pled guilty in Detroit Recorder's Court to one count of attempted third-degree criminal sexual conduct and two counts of third-degree criminal sexual conduct. He was sentenced to five years probation, Clarice M. Jobes, J. Defendant was later charged with probation violation. Following a probation violation hearing, defendant's probation was revoked and he was sentenced to serve concurrent sentences of 3 to 5 years on the attempt conviction and 10 to 15 years for each of the 2 third-degree criminal sexual conduct convictions, Clarice M. Jobes, J. Defendant filed two appeals, one for the probation revocation on the attempt conviction and one on the criminal sexual conduct convictions and the second on the probation revocation on the other criminal sexual conduct conviction. The appeals have been consolidated. *Held:*

1. Defendant's assertion that the revocation of probation must be reversed because the two probation officers who spoke against him were not required to take an oath or make an affirmation before testifying is incorrect. Defense counsel, by not objecting to the failure of the trial court to insist upon an oath or affirmation, failed to preserve this issue for appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 413.

[2] 5 Am Jur 2d, Appeal and Error §§ 553, 627.

81 Am Jur 2d, Witnesses § 414.

[3] 73 Am Jur 2d, Statutes §§ 145, 146. .

[4] 73 Am Jur 2d, Statutes §§ 180, 186.

[5] 21 Am Jur 2d, Criminal Law § 578.

81 Am Jur 2d, Witnesses §§ 413, 414.

[6, 7] 21 Am Jur 2d, Criminal Law §§ 578, 579.

[7] Right to notice and hearing before revocation or suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

However, even if the issue had been preserved, defendant's own testimony established that there had been a violation of probation.

2. The trial court did not abuse its discretion by revoking probation since a violation was clearly established.

3. The trial court's failure to inform defendant that he had a right to a contested hearing on the probation violation charges does not require reversal. The record and circumstances of his case show that defendant did, in fact, know of this right. Therefore reversal is not required.

Affirmed.

1. WITNESSES — OATH OR AFFIRMATION.

Witnesses in court proceedings are required by statute and the rules of evidence to take an oath or make an affirmation that their testimony will be true (MCL 600.1432; MSA 27A.1432; MRE 603).

2. APPEAL — UNSWORN TESTIMONY — PRESERVING QUESTION.

The issue that testimony was erroneously allowed at a probation revocation hearing because the witnesses were not sworn is not preserved for appeal where there was a failure to object to the witnesses' being allowed to testify without first swearing or affirming that they would testify truthfully.

3. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

The foremost obligation of any court in construing a statute is to ascertain and effectuate the will of the Legislature.

4. STATUTES — JUDICIAL CONSTRUCTION.

A statute which can be construed as being consistent or inconsistent with other statutory provisions should be construed by the courts as being consistent.

5. CRIMINAL LAW — PROBATION — WITNESSES — OATH OR AFFIRMATION.

A person on probation has the right to insist that any witness who testifies against him take an oath or affirm to tell the truth.

6. CRIMINAL LAW — PROBATION — REVOCATION — MITIGATING CIRCUMSTANCES.

A trial court at a probation revocation proceeding must consider evidence presented in mitigation of the probation violation, but it need not determine that mitigating circumstances justify allowing the defendant to remain on probation.

7. CRIMINAL LAW — PROBATION — REVOCATION — CONTESTED HEAR-
ING.

    A probationer charged with violation of his probation has a right
    to a contested hearing on the charge; where the proceeding
    record and circumstances of the case show that the probationer
    did, in fact, know of this right, the probation revocation need
    not be reversed because of an allegation by the defendant that
    he was not aware of his right to a contested hearing even
    though the record does not explicitly establish that the proba-
    tioner was informed of the right.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: MACKENZIE, P.J., and BRONSON and T. R. THOMAS,* JJ.

BRONSON, J. Following a probation violation hearing in Detroit Recorder's Court, defendant's probation was revoked and he was sentenced to serve time in prison. Defendant now appeals as of right.

Defendant originally pled guilty in Detroit Recorder's Court to attempted third-degree criminal sexual conduct, MCL 750.92; MSA 28.287 and MCL 750.520d; MSA 28.788(4), and two counts of third-degree criminal sexual conduct (CSC 3), MCL 750.520d; MSA 28.788(4). The trial court sentenced defendant to five years probation. Defendant's first year of probation was to be spent residing in a recorder's court halfway house where he would receive alcohol abuse and group therapy. Following the revocation of probation, defendant was

—————
   * Circuit judge, sitting on the Court of Appeals by assignment.

sentenced to 3 to 5 years imprisonment for the attempt conviction and to concurrent 10- to 15-year terms for the CSC 3 convictions.

The prosecution offered the testimony of two probation officers who stated that defendant had been granted permission to work for Extra Temporary Employment Service but that he failed to return to the halfway house from his employment. Due to this failure, defendant was considered AWOL or an escapee from the program.

Defendant acknowledged that he had left the halfway house without approval. He stated that he wanted to obtain full-time employment. Defendant did, in fact, obtain such a position. Some five months after taking this job, defendant called the halfway house and was informed that he could not return. Defendant stated that he had no intention of staying away from the halfway house forever.

Defendant first asserts that the revocation of probation must be reversed because the two probation officers who spoke against him were not required to take an oath or make an affirmation before testifying. The Revised Judicature Act of 1961 mandates that witnesses in court proceedings take an oath or make an affirmation that their testimony will be true. MCL 600.1432; MSA 27A.1432, MCL 600.1434; MSA 27A.1434. See, also, MRE 603. In this case, however, defense counsel did not object to the failure of the trial court to insist upon an oath or affirmation. Accordingly, this issue is not preserved for appeal. *People v Kemmis,* 153 Mich 117, 118; 116 NW 554 (1908); *Mettetal v Hall,* 288 Mich 200, 207-208; 284 NW 698 (1939). In any case, defendant's own testimony established that there had been a violation of probation. Consequently, this presents no basis for reversal.

Although we do not reverse on the oath or affirmation issue, we specifically reject the prosecution's argument that MCL 771.4; MSA 28.1134 allows the trial court to decline to require an oath or affirmation. The prosecution relies on the following two excerpts from MCL 771.4; MSA 28.1134, as support for its position:

"Hearings on such revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials.

\* \* \*

"The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: Provided however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon."

We summarily reject the second excerpt as a basis for allowing the court to dispose with the oath formality. It is our opinion that the requirement of an oath or affirmation is outside the purview of "the method of hearing and presentation of charges".[1]

---

[1] Assuming, *arguendo*, that the giving of an oath is part of the method of hearing, this portion of MCL 771.4; MSA 28.1134 has not been construed as conferring unlimited discretion on the trial courts in respect to "the method of hearing and presentation of charges". For instance, the trial court may only revoke probation on a finding by a preponderance of the evidence that a violation has occurred, *People v Morgan,* 85 Mich App 353, 355; 271 NW2d 233 (1978); the court may not rely solely on hearsay evidence that the charged violation has occurred, *People v Givens,* 82 Mich App 336, 340; 266 NW2d 815 (1978). Probation cannot be revoked solely on evidence that defendant has been arrested for another offense. *People v Buckner,* 103 Mich App 301, 303; 302 NW2d 848 (1980). Moreover, defendant is not only entitled to notice of the charges against him, but these charges must be brought sufficiently in advance of the hearing to give defendant an opportunity to prepare an adequate defense. *People v Ojaniemi,* 93 Mich App 200, 203; 285 NW2d 816 (1979), *lv den* 408 Mich 904 (1980).

Whether the first quoted excerpt allows the trial courts to dispense with the oath or affirmation requirements of MCL 600.1432; MSA 27A.1432 and MCL 600.1434; MSA 27A.1434 poses a more interesting question. The foremost obligation of any court in construing a statute is to ascertain and effectuate the will of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956); *People v Ingram,* 99 Mich App 410, 414; 297 NW2d 684 (1980). The prosecution here basically asserts that the language in MCL 771.4; MSA 28.1134, stating that the rules of evidence need not be followed in probation revocation hearings, conflicts with and supersedes the statutory provisions related to oaths and affirmations.

We do not believe the Legislature intended for the probation statute to eliminate the oath or affirmation requirement. It is a settled principle of construction that where a statute can be construed as consistent or inconsistent with other statutory provisions the courts should construe the provisions as consistent with one another. *In re Petition of State Highway Comm,* 383 Mich 709, 714-715; 178 NW2d 923 (1970); *People v Griffes,* 13 Mich App 299, 302; 164 NW2d 426 (1968).

We do not believe that there exists any irreconcilable difference between the statutory provisions mandating that witnesses take an oath or make an affirmation and that portion of MCL 771.4; MSA 28.1134 allowing the courts to dispense with the formal rules of evidence in revocation hearings. We note that the evidence chapter of the Revised Judicature Act of 1961, or any of the earlier judicature acts, does not include the requirement that an oath be taken or affirmation be made by a testifying witness. Rather, this statutory require-

ment is, and historically has been, located in the "general provisions" chapter of the judicature acts. As such, it is our belief that when the Legislature indicated that the "rules of evidence" need not be followed in conducting probation revocation hearings, it did not mean to dispense with the oath or affirmation requirement of MCL 600.1432; MSA 27A.1432 and MCL 600.1434; MSA 27A.1434. Rather, it meant only to authorize the lower courts to conduct probation revocation hearings without following the statutory rules of evidence. While the court-mandated Michigan Rules of Evidence include an oath or affirmation provision, MRE 603, these rules did not exist at the time the language at issue in the probation statute was adopted. Accordingly, the Legislature could not have had them in mind.

In our opinion, one on probation has the right to insist that any witness who testifies against him take an oath or affirm to tell the truth. To hold to the contrary would allow witnesses to lie without fear of criminal sanctions since the crime of perjury is not established unless falsehoods have been made under oath. MCL 750.423; MSA 28.665; *People v Fox,* 25 Mich 492, 496 (1872). It strikes us as fundamentally unfair to revoke the probation of a defendant on unsworn testimony where said defendant has demanded that all witnesses against him take an oath. In light of the foregoing, we cannot believe that the Legislature intended to dispense with the oath or affirmation requirement in probation revocation proceedings.

Defendant next asserts that the trial court abused its discretion in revoking his probation. While a trial court must consider evidence presented in mitigation of the probation violation, it need not determine that mitigating circumstances justify allowing the defendant to remain on probation. See *People v Rocha,* 86 Mich App 497, 502;

272 NW2d 699 (1978), *lv den* 406 Mich 944 (1979). While we may have acted differently had we sat in the position of the trial court, it did not abuse its discretion in revoking probation since the violation was clearly established. *People v Rocha (After Remand),* 99 Mich App 654, 656-657; 299 NW2d 16 (1980), *lv den* 411 Mich 915 (1981).

Defendant lastly argues that the court's failure to inform him that he had a right to a contested hearing requires reversal. In *People v Ealey,* 411 Mich 987 (1981), the Michigan Supreme Court adopted my dissents in *People v Darrell,* 72 Mich App 710; 250 NW2d 751 (1976); and *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979), as providing the proper analytical framework for determining if the failure of the record to specifically show that defendant was informed of his right to a contested hearing requires reversal. See, also, *People v Brooks,* 91 Mich App 624; 283 NW2d 817 (1979). In *Darrell* and *Hooks,* I indicated that even if the record does not explicitly establish that defendant was informed of his right to a contested hearing, if the record and circumstances of the case show that defendant did, in fact, know of this right, the matter need not be reversed.

The record and circumstances of this case make it impossible to believe that defendant was not aware of his right to a contested hearing. Unlike the situation in *Darrell, Hooks,* or *Brooks,* where the defendants pled guilty, here defendant pled not guilty and appeared at the probation revocation hearing with an attorney and a witness. While defendant's testimony really did not refute testimony that a violation of the terms of probation had occurred, this does not suggest that he was unaware of his right to a contested hearing but, rather, that he could not deny that a violation had occurred without committing perjury.

Affirmed.