In re Damon J. and Regina M. KROSKIE, Debtors.

Chase Manhattan Mortgage Corporation, a Delaware corporation, Appellant,

v.

James W. Boyd, Chapter 7 Bankruptcy Trustee, Appellee.

No. 1:01cv144.

United States District Court, W.D. Michigan, Southern Division.

Dec. 3, 2001.

Michelle Kutzava Clark, Trott & Trott, PC, Bingham Farms, MI, for Chase Manhattan Mortgage Corporation, a Delaware Corp.

James W. Boyd, Kelly M. Hagan, Zimmerman, Kuhn, Darling, Boyd, Taylor & Quandt, PLC, Traverse City, MI, for James W. Boyd, Chapter 7 Trustee.

Michael P. Corcoran, Traverse City, MI, for Damon Joseph Kroskie, Regina Marie Kroskie.

## OPINION

HILLMAN, Senior District Judge.

This action is before the court on appeal from the bankruptcy court's decision to grant summary judgment to the Chapter 7 Trustee, James W. Boyd ("Trustee"). The bankruptcy court held that appellant Chase Manhattan Mortgage Corporation ("Chase" or "Chase Manhattan") had failed to perfect its security interest in a mobile home owned by the debtors, thus permitting the Trustee to preserve the property for the bankruptcy estate under 11 U.S.C. § 551, and to recover payments made ninety days prior and subsequent to the bankruptcy.

For the reasons that follow, I conclude that the bankruptcy court erred and that Chase Manhattan's lien was not avoidable by the Trustee.

## I. BACKGROUND

Debtors Damon and Regina Kroskie own a Four Seasons mobile home situated on real property, which they also own. Prior to filing Chapter 7 on November 18, 1999, the Kroskies refinanced their real property and mobile home by borrowing $80,000 from R–B Financial Mortgages, Inc., for which R–B was given a mortgage in the debtors' real property, including all improvements and fixtures. On January 21, 1999, the mortgage was assigned to Chase Manhattan.

Chase Manhattan claims a security interest in both the real property and the mobile home. The bankruptcy judge found that at the time of the mortgage, the mobile home was situated on a full cement block crawl space foundation affixed to the real property, and the mobile home was connected to electrical lines, a private well and septic system. The court therefore determined that at the time of the mortgage, the mobile home was a fixture under Michigan law, citing *Wayne Co. v. William G. and Virginia M. Britton Trust*, 454 Mich. 608, 563 N.W.2d 674 (1997). Neither party appeals that determination.

Chase Manhattan argued below and on appeal that it perfected its security interest in the mobile home and real property by properly recording its mortgage on the real property to which the fixture is attached. No question exists that the mortgage was properly recorded with the register of deeds prior to any interest of the Trustee arising under the bankruptcy proceeding.

Appellee argues and the bankruptcy court held, however, that the Michigan Mobile Home Commission Act ("MHCA"), MICH. COMP. LAWS § 125.2330d(1), sets forth specific requirements for creating a security interest in a mobile home. Under the MHCA, in order to perfect a security interest in a mobile home, the holder of the security interest must file an application for certificate of title, together with the requisite fee, with the Secretary of State for issuance of a corrected certificate of title. The bankruptcy court held that the MHCA provides the exclusive means of securing an interest in the mobile home and that because Chase Manhattan failed to apply for such change of title, its interest in the mobile home was not secured.

## II. DISCUSSION

### A. Standard of Review

On appeal of a grant of summary judgment, this court reviews the bankrupt-

cy court's determination *de novo,* applying the same standard of review applicable in that court to a decision to grant summary judgment. *See In re Hindenlang,* 164 F.3d 1029, 1031–32 (6th Cir.1999) (holding that the matter is a question of law for review *de novo* ). "For purposes of summary judgment, this court must consider all the relevant facts in a light most favorable to the nonmoving party and determine whether the movant must prevail as a matter of law." *Id.* at 1032.

### B. *Analysis*

■ The parties agree that no Michigan case law precisely addresses the question before this court. That question specifically is whether the procedures required under the MHCA preclude the securing of an interest in a mobile home as a fixture on real property through the recording of a mortgage. The cases that have considered the MHCA have addressed only whether parties seeking to secure an interest in a mobile home may do so by filing a financing statement under Article 9 of the U.C.C. The courts have held that the filing of an application for title under the Mobile Home Commission Act is the only method available. *See In re Bencker,* 122 B.R. 506, 520–11 (Bankr.W.D.Mich.1990) (holding that "the specific provisions of the Mobile Home Commission Act dictate how legal ownership is transferred, and it governs over the more general provisions of the Uniform Commercial Code."); *Ladd v. Ford Consumer Finance Co., Inc.,* 217 Mich.App. 119, 128, 550 N.W.2d 826, 830 (1996), *rev'd on other grounds,* 458 Mich. 876, 586 N.W.2d 404 (1998) (same).

I agree with those decisions, and if appellant had attempted to rely on another form of U.C.C. financing statement rather than MICH. COMP. LAWS § 125.2330d, such filing would be insufficient to secure its interest. But a real estate mortgage is not

a U.C.C. financing statement, and real estate law ordinarily operates independently from the U.C.C. This court, therefore, must undertake as a matter of first impression to assess the impact of the MHCA upon real estate fixture law.

The MHCA provides in relevant part as follows:

(1) If an owner named in a certificate of title creates a security interest in the mobile home described in the certificate:

(a) The owner shall immediately execute an application in the form prescribed by the department showing the name and address of the holder of the security interest and deliver the certificate of title, application, and a fee of $1.00 together with a copy of the application, which need not be signed, to the holder of the security interest.

(b) The holder of the security interest shall cause the certificate of title, application, and fee and the copy of the application to be mailed or delivered to the department.

(c) The department shall indicate on the copy of the application the date and place of filing of the application and return the copy to the person presenting it.

\* \* \* \* \* \*

(3) The filing under this section or under section 30a [MICH. COMP. LAWS § 125.2330a] of an application for a certificate of title showing the name and address of the holder of a security interest in a mobile home *is equivalent to the filing of a financing statement with respect to the security interest under article 9 of the uniform commercial code,* Act No. 174 of the Public Laws of 1962, being sections 440.9101 to 440.9994 of the Michigan Compiled Laws.

*Id.* (emphasis added). By its terms, the MHCA states the effect the legislature

intended an application for title to have under the section: the filing of an application is equivalent to the filing of a financing statement under Article 9 of the U.C.C.—no more, and no less.

Article 9 of the U.C.C. also contains various provisions relevant to this action. Under MICH. COMP. LAWS 440.9302, the U.C.C. provides that a financing statement is required to perfect all security interests in goods, chattel and commercial paper, with certain enumerated exceptions for compliance with certain specific statutes, including the MHCA, MICH. COMP. LAWS § 125.2330d. Section 9302 reiterates the language of the MHCA, stating that the filing of an application under MICH. COMP. LAWS § 125.2330d "is equivalent to the filing of a financing statement under this article . . . ." Thus, the language of section 440.9302 reiterates that the scope of the MHCA is limited to that of a financing statement under the U.C.C.

Somewhat confusingly, however, the same sentence in section 440.9302 continues, saying that "a security interest in property subject to the [MHCA] . . . can be perfected only by compliance therewith . . . ." MICH. COMP. LAWS § 440.9302(4). Appellee contends that the use of the word "only" requires a conclusion that the MHCA is exclusive and prevents a party from preserving a security interest in a mobile home by filing a mortgage on the real property and its fixtures.

Chase Manhattan argues, however, that the use of the word "only" in section 9402(4) was not intended to preclude parties from perfecting a security interest in fixture property through the recording of a mortgage. Instead, appellant contends that in using the word "only" in section 9302(4), the legislature intended to define what is sufficient to serve as a U.C.C. financing statement for mobile homes. Chase argues that under U.C.C. § 9–

402(6), the recording of a mortgage obviates the need to file a U.C.C. filing statement. *See* MICH. COMP. LAWS § 440.9402(6) ("A mortgage is effective as a financing statement filed as a fixture filing from the date of its recording . . . .")

The bankruptcy court held that compliance with MICH. COMP. LAWS § 125.2330d is mandatory in order to preserve a security interest in a mobile home. In reaching its determination, the court held that section 440.9402(6), which permits the recording of a mortgage to serve as a financing statement under the U.C.C., was inapplicable to mobile homes. The court held that section 440.9402(6) conflicts with the specific requirements of the MHCA. In the case of such conflict, the court reasoned that a specific provision must be enforced over the more general provision. *See Frank v. William A. Kibbe & Assoc., Inc.,* 208 Mich. App. 346, 527 N.W.2d 82 (1995). Accordingly, the court held that compliance with § 125.2330d must be enforced over the more general provisions of the U.C.C.

■ The bankruptcy court's reliance on the principle of statutory construction implicated when a general and a specific statute conflict puts the cart before the horse. Before reaching that question, the court must determine whether a conflict manifestly exists. Under Michigan law and ordinary principles of statutory construction, this court is obligated to construe a statute as consistent with other statutory provisions unless the inconsistency is unavoidable. *See Joslin v. Campbell, Wyant & Cannon Foundry Co.,* 359 Mich. 420, 102 N.W.2d 584 (1960); *People v. Knox,* 115 Mich.App. 508, 321 N.W.2d 713 (1982).

I see no conflict between the two provisions. The Mobile Home Commission Act itself does not purport to be the exclusive means of recording a security interest in a fixture on real property. Instead, it pro-

vides the means by which mobile home security interests are perfected, whether or not the mobile home is a fixture. No part of the statute suggests that it was intended to override ordinary real estate law, which permits the filing of mortgages to secure an interest in fixtures.

Appellee argues, however, that the exclusiveness of the MHCA is provided by Article 9 of the U.C.C., section 440.9302(4), which declares that financing statements must be filed in all cases except as provided in that section. Appellee contends that, since the filing of a mortgage is not a listed exception, whereas compliance with the MHCA is such exception, the recording of a mortgage is ineffective to provide a security interest.

I disagree. Section 440.9302 must be read in conjunction with the other provisions of Article 9 of the U.C.C.

First, as appellee notes, section 440.9302 does not include the filing of a mortgage on a fixture as one of the mentioned exceptions from the requirement of a financing statement. Nevertheless, section 440.9402(6) expressly permits the recording of a mortgage to serve as a financing statement. *See* Mich. Comp. Laws 440.9402(6) ("A mortgage is effective as a financing statement filed as a fixture filing from the date of its recording if all of the following apply ...."). As a result, financing statements generally do not provide the exclusive means of perfecting a security interest in goods, including fixtures.

Second, the Mobile Home Commission Act itself provides only that a filing under the Act "is *equivalent* to the filing of a financing statement with respect to the

security interest under article 9 of the uniform commercial code ...." Mich. Comp. Laws § 125.2330d (emphasis added.) As previously stated, no dispute exists that under the terms of the U.C.C., the filing of a financial statement ordinarily *is not* exclusive of the filing of a mortgage and does not prevent creation of an encumbrance upon fixtures pursuant to real estate law. *See* Mich. Comp. Laws §§ 440.9402(6); 440.9313(3). As a result, to conclude that the word "only" in section 440.9302(4) precludes the filing of a mortgage on a mobile home would give Mich. Comp. Laws § 125.2330d broader effect than an Article 9 financing statement applicable to another sort of fixture. Such an interpretation directly conflicts with the limiting language contained in section 440.9302(4) as well as Mich. Comp. Laws § 125.2330d, which both declare that application for title under Mich. Comp. Laws § 125.2330d "is *equivalent* to the filing of a financing statement."

Third, other portions of Article 9 specifically declare that the article may not be interpreted in a manner that precludes the creation of a security interest through the recording of a mortgage. Under Mich. Comp. Laws § 440.9313(3), the legislature specifically declares that "[t]his article does not prevent creation of an encumbrance upon fixtures pursuant to real estate law." Appellee attempts to distinguish section 440.9313(3) by saying that the section applies only to priorities, not to the actual creation of security interests.[1] However, Mich. Comp. Laws § 440.9313(3) expressly states that it applies to the whole of Article 9 of the U.C.C.: "*This article* does not prevent the creation of an

---

1. The court notes that appellee's sweeping generalization of the scope of section 440.9313 is inaccurate. While Mich. Comp. Laws § 440.9313 is partially titled "priority of security interests," it also purports to address "fixtures" generally. Indeed, the section defines the term "fixtures" and provides for the transformation of goods into fixtures, provisions not related to priority alone.

encumbrance upon fixtures pursuant to real estate law." Section 440.9302(4), upon which the bankruptcy court and appellee rely, is itself part of Article 9. As a result, section 9313(3) specifically states that section 9302(4) may not be construed as advocated by appellee.

 Fourth, any other construction is at odds with the central premise of the U.C.C. The Uniform Commercial Code is designed to address secured transactions in goods and commercial paper. It does not provide the means for securing transactions in real property. Consequently, when the legislature equated an application for transfer of title under the Mobile Home Commission Act to a financing statement under Article 9 of the Uniform Commercial Code it must be deemed to have intended what it said—that MICH. COMP. LAWS § 125.2330d would do no more than any other financing statement under the U.C.C.

Fifth, even without the legislature's clearly declared limitation on the scope of MICH. COMP. LAWS § 125.2330d, this court would be obligated to presume that the legislature did not intend by adopting the MHCA to abrogate the entire body of real estate law regarding mortgages on fixtures. As the Michigan Supreme Court stated more than 100 years ago,

> The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations.

*Bandfield v. Bandfield,* 117 Mich. 80, 82, 75 N.W. 287 (1898), *rev'd in part on other grounds Hosko v. Hosko,* 385 Mich. 39, 187 N.W.2d 236 (1971). *See also Koenig v. City of South Haven,* 460 Mich. 667, 677, 597 N.W.2d 99, 104 (1999); *Rusinek v. Schultz, Snyder & Steele Lumber Co.,* 411 Mich. 502, 508, 309 N.W.2d 163 (1981).

Finally, I note that the bankruptcy judge's ruling intrudes upon Chase Manhattan's ability to preserve a precise mortgage value in the real property itself, not just in the mobile home fixture. Chase Manhattan, as mortgage holder, is left to the verbal assurances of counsel for appellee that the Trustee will exercise his discretion to determine an "equitable" amount attributable to the real estate. Chase Manhattan filed a mortgage on both the real estate and its fixtures in an amount that was not divisible under the mortgage terms. Invalidating the mortgage security interest at issue here deprives Chase Manhattan of its ordinary rights as a secured lender under the mortgage on the real property. Clearly the Mobile Home Commission Act does not apply or purport to apply to the real property on which the mobile home is situated.

For all of these reasons, I am persuaded that the language from MICH. COMP. LAWS § 440.9302(4) stating that a security interest in property "can be perfected only by compliance" with MICH. COMP. LAWS § 125.2330d is intended to mean that compliance with section 125.2330d is the only form of financing statement permissible under the U.C.C. for mobile homes. In other words, the filing of a financing statement under the general provisions of Article 9 of the U.C.C. will not suffice to serve to secure an interest in a mobile home. The language, however, does not affect the right of a party to file a mortgage on real property, including fixtures. Any other reading of the statute would be inconsistent with the limitations on the effect of the MHCA contained within both the MHCA and section 440.9302(4), inconsistent with other express provisions of Article 9, and inconsistent with ordinary principles of statutory construction under Michigan law.

As a result, the bankruptcy court erred in granting summary judgment to the Trustee because Chase Manhattan's lien was not avoidable.

## III. CONCLUSION

Accordingly, the decision of the bankruptcy court granting summary judgment to the Trustee is **REVERSED** and the case is **REMANDED** to the bankruptcy court for entry of summary judgment in favor of Chase Manhattan Mortgage Corporation.